UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
JACKSONVILLE

**ERIC MITCHELL,**

        **Plaintiff,**

**vs.**                                 **Case No.:  3:15-cv-01211-HLA-JRK**

**CITY OF JACKSONVILLE, FLORIDA;**
**GAIL LOPUT, individually; and**
**KURT WILSON, individually,**

        **Defendants.**

_____

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff brings this action seeking injunctive relief, monetary damages, attorney's fees and costs against Defendants and alleges the following:

1.      This is an action for injunctive relief, damages, punitive damages, attorney's fees and costs for the deprivation of Plaintiff's right against discrimination secured by 42 U.S.C. §§ 1981 and 1983.

## JURISDICTION AND VENUE

2.      Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §1981 and 28 U.S.C. §1331.

3.      Venue in this district is proper pursuant to 28 U.S.C. §1391 in that the cause of action arose in this district.

## PARTIES

4.      Plaintiff, Eric Mitchell is an adult United States Citizen and a resident of Duval County, Florida. He is an employee of the Jacksonville Fire Department. Mr. Mitchell's race is black.

5.      At all times relevant to this action, Defendant Gail Loput was the Acting or Permanent Division Chief employed by the Jacksonville Fire Department and supervised Plaintiff. Defendant Loput's race is white.

6.      Defendant Kurt Wilson is the director of the Jacksonville Fire Department and has authority to make decisions on hiring, firing, and transfers within the Department on behalf of the City.

7.      Defendant, City of Jacksonville, Florida ("City"), is a political subdivision for the State of Florida.

8.      Defendant, City of Jacksonville was, at all times relevant, responsible for the supervision, training, instruction, discipline, control, and conduct of the employees at the Jacksonville Fire Department, and further makes policy for the Jacksonville Fire Department with respect to transfers of employees.

9.      At all times relevant, the City had the power, right, and duty to train and control its officers, agents and employees to conform to the 21 U.S.C. § 1981 , as well as to ensure all orders, rules, instructions, and regulations promulgated for the Fire Department were consistent with federal law. At all times relevant to this Complaint, the City, its agents and employees, acted under color of state law.

2

## FACTUAL ALLEGATIONS

10.     At all times relevant, Plaintiff has been employed at the Training Academy Division of the Jacksonville Fire Department, where he earned and serves at the rank of Captain. Plaintiff is a highly qualified instructor who has obtained a master's degree and taught at the collegiate level for five years.

11.     At all times relevant, Plaintiff was the only black captain at the Training Academy.

12.     On or about August 6, 2015, Defendant Loput was appointed to the position of Acting Chief of the Training Academy.

13.     Over the course of Defendant Loput's tenure as Acting Chief of the Training Academy, Plaintiff was singled out and purposefully excluded from decision-making processes and contact with management of the Training Academy on account of his race.

14.     On August 12, 2015, Lieutenant Jesse Brown, whose race is white, approached Plaintiff and informed him that Defendant Loput wanted to have a meeting with him.

15.     As a Lieutenant, Brown's rank is lower on the chain of command than Plaintiff's rank of captain.

16.     Plaintiff proceeded to meet with Defendant Loput in Lieutenant Brown's presence.

17.     During the meeting, Defendant Loput told Plaintiff that she was appointing Lt. Brown as her "liaison" and that when she was away, Lt. Brown would advise the Training Academy on her directions.

18. It is highly unusual within the Jacksonville Fire Department for fire chiefs to appoint a liaison to disseminate instructions, particularly where that liaison is of a lower rank than the people the liaison is relaying orders to.

19. Allowing Lt. Brown to issue orders on behalf of Defendant Loput effectively made Lt. Brown a superior to Plaintiff, even though Plaintiff was a of a higher rank, because Lt. Brown issued orders to Plaintiff on Defendant Loput's behalf.

20. For example, on August 13, 2015 Lieutenant Brown ordered Plaintiff to sit in on an MCI class.

21. Furthermore, Lt. Brown's "liaison" position violated the Rules and Regulations governing the Jacksonville Fire Department. Section 100.02 of the same states that the rank of Captain is higher than the rank of Lieutenant, and that "the chain-of-command will be adhered to by each level of authority equally when dealing with JFRD matters."

22. When Plaintiff asked Defendant Loput why he was being asked to report to and receive orders from a lower ranked officer, Defendant Loput told Plaintiff, "it is easier to talk to him [the lower ranking officer]."

23. On August 21, 2015, Plaintiff approached Defendant Loput and once again requested an explanation for why Lt. Brown was appointed as a liaison.

24. Defendant Loput repeated that it was easier to talk to Lt. Brown. Defendant Loput also stated if not for Lt. Brown, she would use Lieutenant Tracy Davis as a liaison.

25. Lieutenant Tracy Davis is also a white male, and by virtue of his rank of lieutenant, is of a lower rank than Plaintiff, a captain.

4

26.     Throughout Plaintiff's employment at the Training Academy, Defendant Loput refused to communicate with Plaintiff unless it was in a committee setting, through a liaison, or at the invitation of Plaintiff.

27.     Plaintiff Loput never refused to communicate personally or on an individualized basis with other white employees, even if they were of lower rank, as she did with Plaintiff. Furthermore none of the white captains at the training academy, or anywhere else at the Jacksonville Fire Department, were required to communicate to their Fire Chief through a liaison, nor were they prohibited from relaying their Fire Chief's orders to lower ranking officers.

28.     Plaintiff only met with Defendant Loput individually on two occasions between August 6, 2015, when Loput became Acting Fire Chief, and October 2, 2015, when Plaintiff left the Academy.

29.     On August 21, 2015, Plaintiff requested a meeting with Defendant Wilson to discuss Defendant Loput's conduct.

30.     At that meeting Plaintiff described the discriminatory acts he faced, described above, and mentioned that he would file a complaint with the Equal Opportunity/Equal Access (EO/EA) Office if Defendant Wilson could not address the problem.

31.     Defendant Wilson, after being informed of the discriminatory activity that had taken place, did nothing to address Plaintiff's complaint.

32.     Defendant Wilson, did, however, call the EO/EA director and ask to be warned in advance if Plaintiff filed a complaint.

33.     On or about August 22, 2015, Plaintiff's bunker coat went missing from the fire department's locker room.

34.     Plaintiff's bunker coat is of an atypical size, and on information and belief, none of the other employees at the fire department share Plaintiffs' bunker coat size.

35.     On August 24, 2015, Plaintiff filed a grievance with his union representative for the racial discrimination he had suffered as a result Defendant Loput's appointment of Lt. Brown as a liaison.

36.     On August 26, 2015 Plaintiff sent his union grievance to Chief Loput and Defendant Wilson.

37.     After filing his complaint, Defendant Loput began to assign undesirable job tasks to Plaintiff, including making him attend extra classes and sending him on assignments away from the Training Academy.

38.     On August 26, 2015, the same day that Plaintiff notified Defendants of his union grievance, Defendant Loput cancelled a pending request that Plaintiff had for travel leave to attend a two-day training in Atlanta, Georgia.

39.     Three other individuals travelled to Atlanta on that same day for a four-day training and their request was not cancelled by Defendant Loput.

40.     On August 28, 2015, Plaintiff filed a complaint with the Equal Opportunity/Equal Access Office of the City of Jacksonville, on the grounds that Defendant Loput discriminated against him on the basis of his race by appointing Lt. Brown as a liaison to speak with him.

41.     On September 30, 2015, Defendant Loput informed Plaintiff that Captain Pete Ironside, rather than Plaintiff, would be representing the Training Academy at an advisory board

at State College of Jacksonville Florida, when Captain Ironside had only worked at the Training

Academy for two days.

42.     On October 1, 2015, Defendant Loput told Plaintiff that his name would be

appearing on the transfer bulletin to be removed from his current position the next day.

43.     On or about October 2, 2015, Defendant Loput met with Defendant Wilson and

each of them agreed that Plaintiff would be transferred out of the Training Academy.

44.     On that date, Defendant Wilson authorized Plaintiffs' transfer out of the Training

Academy.

45.     Defendants demoted Plaintiff from his position at the training academy to a lower

paying position with less prestige, and responsibility, and less desirable hours.

46.     Specifically, while Plaintiffs position at the training academy involved a 40-hour

work week with regular hours, opportunity for over-time, and the ability to better himself in a

learning environment. Plaintiffs' new position, by contrast, involves 56-hour per week shift

work, with unpredictable hours that frequently prevent him from accepting opportunities to work

over-time and rote job duties that do not stimulate Plaintiff or offer opportunities to better

himself.

47.     At all times, Plaintiff performed his job satisfactorily.

## COUNT I - SECTION 1983:  DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981
### (Defendants Gail Loput & Kurt Wilson)

48.     Paragraphs 1 through 26 are adopted and incorporated by reference herein.

49.     Plaintiff is a member of a protected class, black.

50.     At all times relevant, by virtue of his employment by the City, Plaintiff was in a

contractual relationship with the City of Jacksonville within the meaning of 42 U.S.C. §1981.

51.     During the course of Plaintiff's employment, Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of his employment as have white employees under the supervision of Defendants Loput and Wilson.

52.     Through Defendants' actions and treatment of Plaintiff, Defendant Loput intended to discriminate against Plaintiff on the basis of Plaintiff's race.

53.     Defendants' actions were done with malice and/or reckless indifference towards Plaintiff's federally protected rights to be free from racial discrimination.

54.     As a direct and proximate result of Defendants' violation of Plaintiff's entitlement to equal rights under the law as provided by 42 U.S.C. §1981, Plaintiff has suffered damages including but not limited to, monetary loss, mental anguish, damage to his reputation, and emotional distress.

WHEREFORE, Plaintiff demands the following relief against Defendant Gail Loput and Kurt Wilson, individually:

1.     Issuance of an injunction  ordering Plaintiff's immediate reinstatement to his former position at the Training Academy with full back pay and all other benefits and emoluments of his employment retroactive to October 2, 2015;

2.     Actual and compensatory damages;

3.     Punitive damages;

4.     An award of attorney's fees and costs; and

5.     Any other relief this court deems just and proper.

**COUNT II - SECTION 1983:  RETALIATION IN VIOLATION OF 42 U.S.C. §1981**
**(Defendants Gail Loput & Kurt Wilson)**

55.     Paragraphs 1 through 26 are adopted and incorporated by reference herein.

8

56.     Plaintiff is a member of a protected class, black.

57.     At all times relevant, by virtue of his employment by the City, Plaintiff was in a contractual relationship with the City of Jacksonville within the meaning of 42 U.S.C. §1981.

58.     During the course of Plaintiff's employment, Plaintiff engaged in activity protected by 42 U.S.C. § 1981 when he filed a complaint alleging racial discrimination.

59.     As a direct result of Plaintiff's EO/EA complaint, Defendants transferred Plaintiff to a lower paying and less desirable position.

60.     Through Defendants actions and treatment of Plaintiff, Defendants intended to discriminate against Plaintiff on the basis of Plaintiff's race and retaliate against him for his complaint.

61.     Defendants' actions were done with malice and/or reckless indifference towards Plaintiff's federally protected rights to be free from racial discrimination.

62.     As a direct and proximate result of Defendants' violation of Plaintiff's entitlement to equal rights under the law as provided by 42 U.S.C. §1981, Plaintiff has suffered damages including but not limited to, monetary loss, mental anguish, damage to his reputation, and emotional distress.

WHEREFORE, Plaintiff demands the following relief against Defendant Gail Loput, individually:

1.     Issuance of an injunction  ordering Plaintiff's immediate reinstatement to his former position at the Training Academy with full back pay and all other benefits and emoluments of his employment retroactive to October 2, 2015;

2.     Actual and compensatory damages;

3.      Punitive damages;

4.      An award of attorney's fees and costs; and

5.      Any other relief this court deems just and proper.

## COUNT III - SECTION 1983:  DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981
### (Defendant City of Jacksonville, Florida)

63.     Paragraphs 1 through 44 are adopted and incorporated by reference herein.

64.     Plaintiff is a member of a protected class, black.

65.     At all times relevant, by virtue of his employment by the City, Plaintiff was in a contractual relationship with the City of Jacksonville within the meaning of 42 U.S.C. §1981.

66.     During the course of Plaintiff's employment, Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of his employment as have white employees.

67.     The City, its agents and/or employees, acting within their authority and under color of State law, instituted and followed practices, customs and policies which were the moving force behind the deprivation of Plaintiff's right to privacy, which is actionable under 42 U.S.C. §1983 as a violation of the 42 U.S.C. § 1981.

68.     Additionally, by failing to discipline its officers for their actions and inaction, the City has ratified its officers' decisions and the reasons for those decisions, thus constituting a practice, custom or policy.

69.     Alternatively, Defendant Loput was the final policymaker for the City with respect to transfers of employees outside the Training Academy.

70.     Alternatively, Defendant Wilson was the final policymaker regarding all transfers of employees within the Jacksonville Fire Department.

71.     Alternatively, The City, its Agents and employees, acting within their authority and under color of State law, failed to adequately train its agents and employees, acting within their authority and under color of state law, with respect to non-discriminatory employment practices.

72.     Defendant City of Jacksonville is a "person" within the meaning of 18 U.S.C. § 2724(a) and 18 U.S.C. § 2725(2).

73.     Defendant City of Jacksonville's actions were done with malice and/or reckless indifference towards Plaintiff's federally protected rights to be free from racial discrimination.

74.     As a direct and proximate result of Defendant City of Jacksonville's violation of Plaintiff's entitlement to equal rights under the law as provided by 42 U.S.C. §1981, Plaintiff has suffered damages including but not limited to, monetary loss, mental anguish, damage to his reputation, and emotional distress.

WHEREFORE, Plaintiff demands the following relief against Defendant City of Jacksonville:

1.     Issuance of an injunction  ordering Plaintiff's immediate reinstatement to his position at the Training Academy with full back pay and all other benefits and emoluments of his employment retroactive to October 2, 2015;

2.     Actual and compensatory damages;

3.     An award of attorney's fees and costs; and

4.     Any other relief this court deems just and proper.

## COUNT IV - SECTION 1983:  RETALIATION IN VIOLATION OF 42 U.S.C. §1981
## (Defendant City of Jacksonville, Florida)

75.     Paragraphs 1 through 44 are adopted and incorporated by reference herein.

11

76.     Plaintiff is a member of a protected class, black.

77.     At all times relevant, by virtue of his employment by the City, Plaintiff was in a contractual relationship with the City of Jacksonville within the meaning of 42 U.S.C. §1981.

78.     During the course of Plaintiff's employment, Plaintiff engaged in activity protected by 42 U.S.C. § 1981 when he filed a complaint alleging racial discrimination by Defendant Loput.

79.     As a direct result of Plaintiff's EO/EA complaint, the City demoted Plaintiff to a lower paying and less desirable position.

80.     Through the City's actions and treatment of Plaintiff, the City intended to discriminate against Plaintiff on the basis of Plaintiff's race and retaliate against him for his complaint.

81.     The City, its agents and/or employees, acting within their authority and under color of State law, instituted and followed practices, customs and policies which were the moving force behind the deprivation of Plaintiff's right to privacy, which is actionable under 42 U.S.C. §1983 as a violation of the 42 U.S.C. § 1981.

82.     Additionally, by failing to discipline its officers for their actions and inaction, the City has ratified its officers' decisions and the reasons for those decisions, thus constituting a practice, custom or policy.

83.     Alternatively, Defendant Loput was the final policymaker for the City with respect to transfers of employees outside the Training Academy.

84.     Alternatively, Defendant Wilson was the final policymaker regarding all transfers of employees within the Jacksonville Fire Department.

85.     Alternatively, The City, its Agents and employees, acting within their authority and under color of State law, failed to adequately train its agents and employees, acting within their authority and under color of state law, with respect to non-discriminatory employment practices.

86.     Defendant City of Jacksonville's actions were done with malice and/or reckless indifference towards Plaintiff's federally protected rights to be free from racial discrimination.

87.     As a direct and proximate result of Defendant City of Jacksonville's violation of Plaintiff's entitlement to equal rights under the law as provided by 42 U.S.C. §1981, Plaintiff has suffered damages including but not limited to, monetary loss, mental anguish, damage to his reputation, and emotional distress.

WHEREFORE, Plaintiff demands the following relief against Defendant City of Jacksonville:

1.      Issuance of an injunction ordering Plaintiff's immediate reinstatement to his position at the Training Academy with full back pay and all other benefits and emoluments of his employment retroactive to October 2, 2015;

2.      Actual and compensatory damages;

3.      An award of attorney's fees and costs; and

4.      Any other relief this court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Mitchell hereby demands trial by jury on all issues so triable.

Respectfully submitted,

_Dese Que_

Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Amanda J. Woods, Esquire
Florida Bar No.: 112296
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Sheppard, White, Kachergus & DeMaggio, P.A.
215 W Washington Street
Jacksonville, Florida 32202
Telephone:   (904) 356-9661
Facsimile:   (904) 356-9667
Email:       sheplaw@att.net
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 25, 2015, I electronically filed the foregoing
with the Clerk of the Court by using CM/ECF System which will send a notice of electronic
filing to the following:

**Derrel Q. Chatmon, Esquire**
**William W. Deem, Esquire**
**Office of General Counsel**
**City of Jacksonville**
**117 West Duval Street**
**St. James Building, Suite 480**
**Jacksonville, Florida  32202**

I HEREBY CERTIFY that on November 25, 2015, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participants:

N/A

_____
ATTORNEY

Ldh[Mitchell.eric.complaint.amended]

15