UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ERIC MITCHELL,**

    **Plaintiff,**

vs.                                    Case No.:  3:15-cv-01211-HES-JRK

**CITY OF JACKSONVILLE, FLORIDA;**
**GAIL LOPUT, individually; and**
**KURT WILSON, individually;**

    **Defendants.**

_____

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
## (COUNT IV)

Plaintiff, Eric Mitchell, by and through undersigned counsel files this motion for summary judgment as to Count IV of his Amended Complaint (Doc. 12). The jury in this case found that Defendant Kurt Wilson retaliated against Captain Mitchell in violation of 42 U.S.C. §1981. Further, the parties agree that Defendant Kurt Wilson is the final policymaker for the City of Jacksonville with respect to transfers of employees within the Jacksonville Fire Department. As such, the City is liable for the retaliatory acts of Defendant Kurt Wilson in transferring Plaintiff from his position at the training academy. In further support thereof, Plaintiff states as follows:

    1.      On November 25, 2015 Plaintiff filed his Amended Complaint against Defendants the City of Jacksonville, Gail Loput, and Kurt Wilson. (Doc. 12). The Amended Complaint contains four claims. Count I is a race discrimination claim under 42 U.S.C. § 1981 brought against the individual defendants pursuant to 42 U.S.C. § 1983. *Id.* at ¶¶ 48–54. Count II is a a retaliation claim under 42 U.S.C. § 1981 brought against the individual defendants pursuant to

42 U.S.C. §1983 *Id.* at ¶¶ 55–62. Count III is a municipal liability claim brought against the City of Jacksonville for the acts of discrimination alleged in Count I. *Id.* at ¶¶ 63–74. Count IV is a municipal liability claim against the City of Jacksonville for the retaliatory acts alleged in Count II. *Id.* at ¶¶75–87.

2. On May 22, 2018, the Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint. (Doc. 68).

3. On September 17, 2018, the Court bifurcated the trial, splitting the claims against the individual Defendants from those against the City of Jacksonville. (Doc. 114).

4. On October 1, 2018, a trial commenced as to Mitchell's claims against the individual defendants (Counts I and II).

5. On October 10, 2018, the jury rendered a verdict for that trial (Doc. 146). The verdict reflected no liability for both individual Defendants as to the discrimination claims raised in Count I. *Id.* However, the jury found both individual Defendants liable as to the retaliation claims raised in Count II. *Id.*

6. As such, the only claim that remains pending in this lawsuit is the municipal claim for retaliation against the City of Jacksonville raised in Count IV.[1]

7. Plaintiff's Complaint alleges multiple theories of municipal liability as to Count IV. However, for purposes of this motion the relevant allegation is contained in paragraph 84 of Plaintiff's Amended Complaint:

> Alternatively, Defendant Wilson was the final policymaker regarding all transfers of employees within the Jacksonville Fire Department.

---

[1] Because no individual liability was found as to Plaintiff's discrimination claims raised in Count I, the municipal liability claims against the City for those acts cannot raised in Count III do not survive in light of the jury's verdict. *See City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

(Doc. 12 at ¶84).

8.  The Defendants admitted this allegation in their Answer and Affirmative Defenses. (Doc. 68 at ¶ 84).

9.  As such, Defendant Wilson's retaliatory actions with respect to Plaintiff's transfer represented the decision of a final policymaker for the City of Jacksonville.

WHEREFORE, Plaintiff Respectfully requests that this Court enter its order granting summary judgment as to Count IV of Plaintiff's Amended Complaint.

## STATEMENT OF UNDISPUTED FACTS

Defendant, Kurt Wilson, is the Director of the Jacksonville Fire and Rescue Department ("JFRD"). (Deposition of Kurt Wilson taken June 15, 2016 at 8, attached hereto as Exhibit 1). Wilson has held that position since August 2015. *Id.* Assignments to JFRD's training academy are considered "special assignments" within JFRD. *Id.* at 61. The Fire Director has the right and "sole discretion" to select who will fill a special assignment. *Id.* at 35. There are no written policies or procedures that limit the Fire Director's discretion in exercising the right of assignment. *Id.* at 36. This right is also codified in JFRD's union contract. (*See* Excerpt from Agreement between the City of Jacksonville and International Association of Firefighters Local 122 at §12.1(C)(1), attached as Exhibit 2).

On October 2, 2015, Plaintiff was transferred from his special assignment at the training academy. The parties agree that Defendant Wilson authorized this transfer. (Doc. 68 at ¶ 44). Defendant Wilson also agreed that he was ultimately responsible for Plaintiff's transfer: "In the event of Captain Mitchell's case, yes, you can say that I was the final authority on him moving out." Ex. 1 (Wilson Depo) at 37. The parties further agree that Defendant Wilson was the final

3

policymaker for the City of Jacksonville regarding "all transfers of employees within the Jacksonville Fire Department." (*compare* Doc. 12 at ¶84 *with* Doc. 68 at ¶84).

On October 10, 2018, the jury returned a verdict finding that Defendant Wilson retaliated against Plaintiff with an adverse employment action (to wit, by transferring Mitchell[2]) because Captain Mitchell engaged in a protected activity, awarding Plaintiff $16,000 in compensatory damages and $21,000 in punitive damages against Defendant Wilson. (Doc. 146).

## LEGAL STANDARD

This motion is governed by Rule 56 of the Federal Rules of Civil Procedure, wherein all disputed issues of material fact are resolved in favor of the non-moving party.

## MEMORANDUM OF LAW

In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) the Supreme Court concluded that municipal liability under 42 U.S.C. § 1983 is limited to deprivations of federally protected rights caused by action take "pursuant to official municipal policy of some nature." *Id.* at 691. In *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) the Court addressed whether, and in what circumstances, a decision by municipal policymakers on a single occasion

---

[2] While the verdict form does not identify the adverse employment action that Wilson took, the Court's jury instructions stated that to succeed on this claim against Defendant Wilson:

> Mitchell must prove each of the following facts by a preponderance of the evidence. . .
> Second: Fire Director Wilson then reassigned [Mitchell] to the Rescue Division; and that reassignment was an adverse employment action;
> Third: Fire Director Wilson only took the adverse employment action because of Mitchell's protected activity.

(Doc. 145 at 18–19). Thus, the jury's verdict on this claim reflects a finding that Defendant Wilson transferred Plaintiff from the training academy in retaliation for engaging in protected activity.

4

may satisfy this requirement. *Id.* at 470. Ultimately, the *Pembaur* Court found that the county prosecutor acted as "the final decisionmaker for the county" when, on a single occasion, he ordered deputy sheriffs to enter the plaintiff's property without a search warrant. *Id.* at 484–485.

In short, *Pembaur* recognized a species of municipal liability claim that could be predicated on the single decision of a "final policymaker." *See, e.g., Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989) (holding that physician's assistant was final policymaker for county with respect to medical affairs at road prison because his decisions were not subject to supervision or review); *Martinez v. City of Opa-Locka*, 971 F.2d 708, 713–715 (11th Cir. 1997) (holding city manager was final policy maker where his decision to hire or fire administrative personnel was "completely isolated from review."); *see also Morro v. City of Birmingham*, 117 F.3d 508 (11th Cir. 1997) (upholding trial court's decision to hold defendants to pretrial order stating that police chief was the final policymaker regarding hiring and firing of policy officers where City failed to preserve its *Monell* defense at pretrial conference or request a modification of pretrial order identifying the police chief as final decision-maker).

Here, the Defendants have admitted in their Answer that Defendant Wilson is the final policymaker for the City regarding all transfers within JFRD. (Doc. 68 at ¶84). This admission is supported by Defendant Wilson's own testimony that his right of "special assignment" is exercised at his "sole discretion" and is not constrained by any policies or procedures. (Ex. 1 (Wilson Depo) at 35–36). Indeed, Defendant Wilson himself indicated he was the "final authority" regarding Mitchell's transfer. *Id.* at 37. The jury found that Defendant Wilson retaliated against Mitchell by transferring him out of the training academy. Because Defendant Wilson was the final policymaker with respect to Mitchell's transfer, liability for Defendant Wilson's actions as final policymaker are imputed to the City.

## **CONCLUSION**

In light of the jury's verdict, Summary Judgment is due to be granted as to Plaintiff's Claim against the City of Jacksonville in Count IV of his Amended Complaint. (Doc. 12).

Respectfully submitted,

    /s/    *Jesse B. Wilkison*
Wm. J. Sheppard, Esquire
Florida Bar No.:  109154
Elizabeth L. White, Esquire
Florida Bar No.:  314560
Matthew R. Kachergus, Esquire
Florida Bar No.:  503282
Bryan E. DeMaggio, Esquire
Florida Bar No.:  055712
Jesse B. Wilkison, Esquire
Florida Bar No.:  118505
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:    (904) 356-9661
Facsimile:     (904) 356-9667
Email:            sheplaw@sheppardwhite.com
COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to the following by the CM/ECF system, this 15th day of October 2018:

> **Derrel Q. Chatmon, Esquire**
> **Sonya H. Hoener, Esquire**
> **Sean Granat, Esquire**
> **Jon Phillips, Esquire**
> **Adina Teodorescu, Esquire**
> **Office of General Counsel**
> **117 West Duval Street**
> **Suite 480,**
> **Jacksonville, Florida 32202**

                         */s/ Jesse Wilkison*
                         ATTORNEY